IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| DR. RICHARD MARTIN, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. 2:11-cv-715-WHA |
| ) | (WO) |
| AUBURN UNIVERSITY ) | |
| MONTGOMERY, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM OPINION AND ORDER**

**I.  INTRODUCTION**

This case is before the court on a Motion to Dismiss (Doc. # 4) filed by Defendant Auburn University Montgomery ("AUM") on September 29, 2011.

Following this court's granting of the Defendant's Motion to Sever (Doc. #2), the Plaintiff, Dr. Richard Martin ("Martin"), a white male, filed an Amended Complaint (Doc. # 3) in this court on September 15, 2011, alleging violations of Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 1981 ("§ 1981"), and the Age Discrimination in Employment Act ("ADEA").  Those claims are as follows: racially hostile working environment in violation of Title VII (Count I); race, age, and gender discrimination in violation of Title VII and § 1981 (Count II); retaliation in violation of Title VII (Count III); age discrimination in violation of the ADEA (Count IV); and fraudulent inducement and misrepresentation by the Defendant (Count V).  On September 29, 2011, the Defendant moved this court to dismiss the Plaintiff's claims pursuant to Federal Rule of Civil Procedure 12(b)(6).  On October 24, 2011, the Plaintiff filed a

Response to the Defendant's Motion to Dismiss (Doc. # 7), and on October 31, 2011, the Defendants filed a Reply to the Plaintiff's Response (Doc. # 8).

For reasons to be discussed, the Motion to Dismiss is due to be GRANTED in part and DENIED in part.

## II.  MOTION TO DISMISS

The court accepts the plaintiff's factual allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).  In analyzing the sufficiency of pleading, the court is guided by a two-prong approach: one, the court is not bound to accept conclusory statements of the elements of a cause of action and, two, where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to entitlement to relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949-50 (2009).  "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007).  *Id.* (citation omitted).  To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face." *Id.* at 570.  The factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555.

## III.  FACTS

Martin's Complaint, while sparse on facts, does allege that he is a citizen of the United States and a resident of Alabama.  Martin alleges that he was employed by AUM as its Justice and Public Safety Department Head and had met all of the requirements for tenure, but was denied tenure despite this.  At the time he was denied tenure, he was over 40 years of age.  With the exception of providing his curriculum vita, the only other relevant facts that Martin alleges is that "younger persons and females similarly situated were granted tenure," (Doc. #3 ¶ 9), and that "[t]hose younger individuals and females similarly situated did not meet the tenure requirements imposed upon Dr. Martin and were far less qualified." (Doc. #3 ¶ 10).

## IV. DISCUSSION

### 1. Timeliness of Motion to Dismiss

As a threshold matter, Martin's first contention is that AUM's Motion to Dismiss is untimely.  Specifically, Martin contends that the Federal Rules of Civil Procedure require AUM to file an answer within 21 days after being served with the Complaint. Fed. R. Civ. Pro. 12(a)(1)(A)(i).  Martin argues that this deadline has passed without any action on behalf of AUM.  Martin further contends that by filing the Motion to Sever in response to the Complaint, instead of a Motion to Dismiss or other responsive pleading, AUM has essentially waived the arguments raised by the Motion to Dismiss.

AUM counters by explaining that Martin's argument confuses responsive pleadings with motions.  AUM argues that Rule 12(a), upon which Martin relied, governs only to those pleadings enumerated under Rule 7(a) of the Federal Rules of Civil Procedure.  AUM argues that Rule 12(b)(6) motions to dismiss are governed instead by Rule 12(h)(2) which explains in relevant part that "[f]ailure to state a claim upon which relief can be granted ... may be raised:

3

(A) in any pleading allowed or ordered under Rule 7(a)." Fed. R. Civ. Pro. 12(h).  In this court's order granting AUM's Motion to Sever, Martin was instructed to file an Amended Complaint by September 16, 2011. (Doc. #2 at 8).  Because of the order to re-file an Amended Complaint, AUM argues that they had 14 days to respond to the Amended Complaint.  *See* Fed. R. Civ. Pro. 15(a)(3) ("Unless the court orders otherwise, any required response to an amended pleading must be made within the time remaining to respond to the original pleading or within 14 days after service of the amended pleading, whichever is later.").  AUM argues that pursuant to Rule 12(b) Martin's new pleading date, September 16, 2011, is the proper one for determining if AUM's September 30, 2011, Motion to Dismiss is timely filed, and, having been filed within 14 days of the Amended Complaint, the Motion to Dismiss is timely.

This court agrees with AUM and finds that the Motion to Dismiss is not untimely because it was filed within 14 days of the Amended Complaint pursuant to Rules 12(b), 12(h)(2), and 15(a)(3) of the Federal Rules of Civil Procedure.

### 2. Individual Claims

#### Count I – Hostile Work Environment

As stated by the Eleventh Circuit, to plead a hostile work environment claim the plaintiff is "required to allege that: (1) he belongs to a protected group; (2) he was subjected to unwelcome harassment; (3) the harassment was based on his membership in the protected group; (4) it was severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment; and (5) the employer is responsible for that environment under a theory of either vicarious or direct liability." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010).  Although the *Edwards* court was addressing a § 1981 claim,

4

the Eleventh Circuit has explained that the analytical frameworks are the same for both § 1981 and Title VII retaliation claims. *See Miller v. Kenworth of Dothan, Inc.*, 277 F.3d 1269, 1275 (11th Cir. 2002) (requiring the same elements for both § 1981 and Title VII hostile work environment claim); *Shields v. Fort James Corp.*, 305 F.3d 1280, 1282 & n. 2 (11th Cir. 2002) (noting that Title VII and § 1981 hostile work environment claims have the same elements and are subject to the same analytical framework).

Turning to Martin's Complaint, he alleges that he was denied tenure because of his age and gender, but he does not allege generally or specifically any facts "severe or pervasive enough to alter the terms and conditions of employment and create a hostile or abusive working environment." Therefore, Martin has not satisfied Rule 8's plausibility requirement for hostile work environment under Title VII.

### Count II – Discrimination in Violation of Title VII and § 1981

"Although a Title VII complaint need not allege facts sufficient to make out a classic *McDonnell Douglas* prima facie case, *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 511, 122 S.Ct. 992, 997, 152 L.Ed.2d 1 (2002), it must provide 'enough factual matter (taken as true) to suggest' intentional race discrimination. *Davis v. Coca-Cola Bottling Co. Consol.,* 516 F.3d 955, 974 (11th Cir. 2008). Moreover, complaints alleging discrimination must still meet the *Iqbal* and *Twombly* "plausibility" standard. *See Edwards v. Prime, Inc.*, 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim). Therefore, in order to survive a motion to dismiss the plaintiff's complaint must contain facts which "[allow] the court to draw the reasonable inference" that the defendant has engaged in intentional race discrimination. *Iqbal*, _ U.S. _,

5

129 S.Ct. at 1949. This court recognizes that the methods for alleging "a prima facie case are not fixed; they are flexible and depend to a large degree upon the employment situation." *Wilson v. B/E Aerospace, Inc.*, 376 F.3d 1079, 1087 (11th Cir. 2004). One such way is for a plaintiff to allege that she is qualified for a job, yet she is fired and replaced by an individual outside of her protected class. *Krieg v. Paul Revere Life Ins., Co.*, 718 F.2d 998, 999 (11th Cir. 1983) (per curiam). Another method is for a plaintiff to allege "that she was a qualified member of a protected class and was subjected to an adverse employment action in contrast with similarly situated employees outside the protected class." *Wilson*, 376 F.3d at 1087.

It is also important to note that a "claim for disparate treatment pursuant to Title VII and pursuant to § 1981 has the same legal elements." *Leige v. Capitol Chevrolet, Inc.*, 895 F. Supp. 289, 293 (M.D. Ala. 1995). Therefore, if a plaintiff alleges facts sufficient to support a Title VII claim, then she alleges facts sufficient to support a § 1981 claim. *Leige*, 895 F. Supp. at 293. The important distinction between a Title VII claim and a § 1981 claim is that Title VII provides for relief against an employer, *Death v. Collins*, 441 F.3d 931, 933 (11th Cir. 2006), while employers and "[s]upervisors with the capacity to hire and fire or those who can recommend such decisions are subject to liability under § 1981." *Leige*, 895 F. Supp. at 293.

Turning to Martin's Complaint, he alleges that he was denied tenure despite his extensive academic work and otherwise "having met all the requirements for tenure." (Doc. #3 ¶ 8). He alleges that there were younger females, with fewer qualifications, who were also seeking tenure, and the younger females received tenure while he was denied tenure. Therefore, he has alleged that similarly-situated individuals out of his protected group received disparate treatment. Accordingly, he has properly satisfied the Rule 8 plausibility burden for his Title VII gender

discrimination. He has failed, however, to plead any facts alleging racial discrimination. Therefore, his § 1981 claim, which applies only racial discrimination, *see* 42 U.S.C. § 1981, and his Title VII racial discrimination claim are both dismissed.

Count III – Title VII Retaliation

"To state a prima facie case of retaliation under Title VII, a plaintiff must show that: (1) he engaged in an activity protected under Title VII; (2) he suffered an adverse employment action; and (3) there was a causal connection between the protected activity and the adverse employment action. *Lord v. City of Ozark*, No. 1:10cv451–WHA, 2010 WL 4780680, *5 (M.D. Ala. November 17, 2010) (citing *Pennington v. City of Huntsville*, 261 F.3d 1262, 1266 (11th Cir.2001)). "There are two types of protected activity that can serve as the basis for a retaliation claim: (1) if an employee opposed any practice that is an unlawful employment practice (the 'opposition clause'); and (2) if an employee 'made a charge, testified, assisted, or participated in any manner in an investigation, proceeding, or hearing under this subchapter' (the 'participation clause')." *Lord*, 2010 WL 4780680 at *5 (citing 42 U.S.C. § 2000e–3(a)). Therefore, to allege a case of retaliation, a plaintiff will have to allege either an act falling under the opposition clause or the participation clause.

Turning to Martin's Complaint, he alleges that he was denied tenure because of his gender and his age. He does not allege any facts that would meet the conduct requirements of the opposition or the participation clauses. Absent this key component of retaliation, Martin has not alleged enough facts to allow for recovery under a theory of retaliation. Therefore, Martin has not satisfied Rule 8's plausibility requirement for retaliation under Title VII.

Count IV – ADEA Violation

The Eleventh Circuit, like most other circuits, employs nearly identical frameworks for proving a prima facie case for both Title VII and the ADEA.  *See Cofield v. Goldkist, Inc.*, 267 F.3d 1264, 1267 (11th Cir. 2001).  Like Title VII, the ADEA is a suit that is properly brought against employers and not individual employees in either their individual or official capacities.  *See Griswold v. Alabama Dept. of Inuds. Relations*, 903 F. Supp. 1492, 1496-97 (M.D. Ala. 1995).  In order to plead a prima facie case, the plaintiff will need to show that "he was: (1) a member of the protected class; (2) qualified for his current position; (3) subject to adverse employment action; and (4) treated less favorably than any younger, similarly situated employee." *East v. Clayton County, GA*, No. 10–15749, 2011 WL 3279197, *6 (11th Cir. August 1, 2011) (citing *Zaben v. Air Prods. & Chems., Inc.*, 129 F.3d 1453, 1457 (11th Cir. 1997)).  Although it is likely not required, any complaint that alleges the elements articulated in *East* will meet the plausibility requirement of Rule 8. *Cf.  Edwards v. Prime, Inc*., 602 F.3d 1276, 1300 (11th Cir. 2010) (addressing the effect of *Iqbal* and *Twombly* on the sufficiency of a Title VII hostile work environment claim).

Turning to Martin's Complaint, he alleges that he was over 40 years of age at the time of the events giving rise to his claim and thus is a member of the ADEA's protected class of individuals.  His Complaint alleges that younger professors received tenure despite being similarly-situated to himself.  (Doc. #3  ¶ 10).  That allegation, along with the allegations previously discussed, demonstrate that Martin has alleged that he was a member of the protected age group, he was qualified for his position when he was denied tenure, and that a younger individual received tenure when he did not.  Accordingly, Martin has satisfied the plausibility requirement of Rule 8.

Count V – Fraudulent Inducement and Misrepresentation

Martin also alleges that AUM fraudulently induced him to begin his employment and made false representations about AUM's policies regarding favorable treatment of loyal employees. Singleton's claim is due to be dismissed.

As Martin concedes in his brief, Auburn University, of which AUM is a part, is considered the State of Alabama for the purpose of sovereign immunity. *See*, *e.g.*, *Gulf State Park Auth. v. Gulf Beach Hotel, Inc.*, 22 So. 3d 432, 435 (Ala. 2009). Therefore, pursuant to the Alabama Constitution Article I, § 14, AUM is immune to the state law claims brought by Martin. Accordingly, his state law claim is due to be dismissed with prejudice.

3. Material to Strike

Martin's Complaint contains a few errors appearing to stem from his attorney's handling of this court's motion to sever. It appears that his attorney simply repeated identical language for each plaintiff's claims which resulted in immaterial language appearing in Martin's Count I for Title VII hostile work environment and Count II for Title VII and § 1981 workplace discrimination. Specifically, as explained above, Title VII claims only apply to race and gender discrimination and § 1981 claims only encompass racial discrimination, therefore, the mention of age discrimination found in Martin's Counts I and II are immaterial. Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter. The court may act: (1) on its own." Accordingly, the enumerated immaterial matter in Counts I and II are hereby struck.

**V. CONCLUSION**

For the foregoing reasons, it is hereby ORDERED as follows:

1. The Motion to Dismiss is GRANTED to the following extent:

    a. Counts I, II as to the Title VII race claim and the § 1981 race claim, and III are DISMISSED.

    b. Count V is DISMISSED with prejudice.

2. The Motion to Dismiss is DENIED in all other respects.

3. This matter will proceed on Count II as to Title VII gender discrimination and Count IV.

Done this 8th day of December, 2011.

.

        /s/ W. Harold Albritton
        W. HAROLD ALBRITTON
        UNITED STATES DISTRICT JUDGE